O

# United States District Court
# Central District of California

| | |
|---|---|
| GLOBAL RESOURCES MANAGEMENT CONSULTANCY, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEODIGITAL INTERNATIONAL CORP., and DOES 1 through 100, inclusive <br><br> Defendants. | Case № 2:15-cv-08477-ODW(AFMx) <br><br> **ORDER GRANTING IN PART AND DENYING IN DEFENDANT'S MOTION TO DISMISS [11]** |

## I.  INTRODUCTION

This action arises out of a soured business relationship between Plaintiff Global Resources Management Consultancy, Inc. ("GRMC") and Defendant GeoDigital International Corporation ("GeoDigital"). The parties entered into an agreement whereby GRMC agreed to promote and market the sale of GeoDigital's mapping and imaging products. Following an alleged breach of the agreement, GRMC brought suit for breach of contract, breach of the implied covenant of good faith and fair dealing, and trade libel. GeoDigital removed the case and now moves to dismiss the claims for breach of the implied covenant of good faith and fair dealing and trade libel. For the

reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** GeoDigital's Motion to Dismiss.

## II. FACTUAL BACKGROUND

GeoDigital is in the business of acquiring and processing geospatial data mapping, imaging and analytics. (ECF No. 7-1, Ex. A (Am. Compl.) ¶ 7.) In 2012, GRMC and GeoDigital entered into the International Representative Agreement (the "Agreement") whereby GRMC agreed to promote and market the sale of GeoDigital's mapping and geospacial imaging products in India. (*Id*. ¶ 10.) Under the Agreement, GRMC receives a series of commission payments from GeoDigital as consideration for its services. (*Id*. ¶ 6.)

The Agreement entitles GRMC to 12 percent of the first $5,000,000 in revenue that GeoDigital receives as a result of GRMC's promotion efforts, and 10 percent of such revenue thereafter. (*Id*. ¶ 11.) The Agreement also requires GeoDigital to "comply fully with and execute contracts signed by GeoDigital [with third parties] . . . in a timely manner." (*Id*. ¶ 12.) It also includes a clause limiting liability for costs and damages:

> GeoDigital's liability for costs or damages allegedly incurred by Representative [GRMC] arising out of, or in connection with, Representative's performance of its duties under this Agreement shall be strictly limited to compensation which may be deemed owing. In no event shall GeoDigital be liable for lost profits or any other consequential, indirect, incidental or punitive damages arising out of, or in connection with, claims made against GeoDigital, whether such claims are alleged to arise in contract or in tort.

(Am. Compl., Ex. A. (Agreement) ¶ 11.)

Soon thereafter, GRMC claims it introduced GeoDigital to Power Grid Corporation of India Limited ("Power Grid"), a quasi-state-owned utility company that operates India's national power grid. (Am. Compl. ¶ 13.) Around May 2013, GeoDigital was awarded a contract with Power Grid to provide aerial patrolling and

2

inspection services across eighteen states in India (the "Power Grid Contract"). (*Id.* ¶ 14.) GRMC alleges that GeoDigital would have received revenue of approximately $20,000,000 upon successful and timely completion of the Power Grid project. (*Id.* ¶ 16.)

GRMC further alleges that, upon completion of the Power Grid project, GeoDigital would have been in a prime position to win three additional contracts with Power Grid. (*Id.*) According to GRMC, no local companies had the necessary experience or technology to do the required work, and no international companies had the necessary government approval. (*Id.* ¶ 17.)

According to GRMC, the Power Grid Contract called for GeoDigital to finish the project by January 2014. (*Id.* ¶ 18.) GRMC alleges, however, that GeoDigital did not commence work until March 2014 and that GeoDigital's new management team did not want to continue operations in India, but instead wanted to focus on the U.S. market. (*Id.* ¶¶ 19, 20.)

On or around November 12, 2014, GRMC claims that a meeting took place in Gurgaon, India between Terry Clarke (GeoDigital's acting CFO), Chris Warrington (GeoDigital's acting CEO), and several executives from Power Grid to discuss the project. (*Id.* ¶ 50.) GRMC alleges that at this meeting, Clarke and Warrington told the executives that GeoDigital was in the process of reassigning its rights under the Power Grid Contract to GRMC and that GRMC was the cause of the delays. (*Id.* ¶ 51.) GRMC claims that these statements were not only false, but that they hurt GRMC's reputation with Power Grid and other agencies within the Indian government. (*Id.* ¶ 54.) As a result of GeoDigital's statements, GRMC claims that Power Grid and other Indian entities will not work, or are hesitant about continuing to work, with GRMC. (*Id.* ¶ 55.)

On September 28, 2015, GRMC filed an Amended Complaint in Santa Barbara County Superior Court, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and trade libel. (*Id.* ¶ 1.) GRMC asks therein for

$20,000,000 in compensatory damages for breach of implied covenant of good faith and fair dealing, and for compensatory and punitive damages for trade libel. (*Id.* ¶ 48, 56, 57.) On October 29, 2015 the instant action was removed to federal court. (ECF No. 1.) GeoDigital now moves to dismiss the claims for breach of the implied covenant of good faith and fair dealing and trade libel. (ECF No. 11.)

### III.   LEGAL STANDARD

#### A.   Rule 9(g)

Under federal pleading requirements, "[w]hen items of special damages are claimed, they shall be specifically stated." Fed. R. Civ. P. 9(g). Under this rule, a "bare allegation of the amount of pecuniary loss" is insufficient. *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1047 (C.D. Cal. 1998). The rule is designed to "inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint." *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962).

#### B.   Rule 12(b)(6)

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the

pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

GeoDigital's Motion argues that the claims should be dismissed on several grounds. First, GeoDigital argues that GRMC fails to state a claim for breach of the implied covenant of good faith and fair dealing because the terms of the Agreement preclude the damages requested in the claim. (ECF No. 11.) Second, GeoDigital argues that the claim also fails because the allegations and remedies overlap with those in GRMC's breach of contract claims. (*Id.*) Third, GeoDigital argues that GRMC's trade libel claim fails because it does not meet the heightened pleading requirements of Rule 9(g). (*Id.*) The Court addresses each argument in turn.

**A. Implied Covenant of Good Faith and Fair Dealing**

To state a claim for breach of the implied covenant of good faith and fair dealing, the plaintiff must show that, "the conduct of the defendant, whether or not it constitutes a breach of a consensual contract term, . . . unfairly frustrates the agreed upon purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

GRMC alleges that GeoDigital breached the implied covenant of good faith and fair dealing by failing to pursue other bids for aerial patrolling work and by divesting from all operations in India. (Am. Compl. ¶ 45.) GRMC claims that this conduct was not only unexpected, but that it prevented GRMC from receiving the benefits of the Agreement. (*Id.* ¶¶ 46, 47.) At first blush, GRMC sets forth allegations sufficient to state a claim for relief. The question then is whether either of GeoDigital's contentions otherwise cause the claim to fail.

### 1. *Precluded Damages*

In its Motion, GeoDigital contends that the damages limitation clause in the Agreement precludes the consequential damages sought, and that the claim for breach of implied covenant must therefore be dismissed. (*See* ECF No. 11, pp. 4–7.) In its Opposition, GRMC states, "Contrary to [GeoDigital]'s assertions, the correct rule is that a Rule 12(b)(6) motion should not be granted when a plaintiff merely requests a remedy that is unavailable for the particular claim alleged." (ECF No. 14, at 5:15–17.)

The Court agrees. "That certain elements or forms of relief might be unavailable under a stated cause of action does not render that cause of action susceptible to a motion to dismiss." *Asher v. Reliance Ins. Co.*, 308 F. Supp. 847, 850 (N.D. Cal. 1970). A complaint is not to be dismissed unless there are no set of facts in support of plaintiff's claim that would entitle him to relief. *Dewitt v. Pail*, 366 F.2d 682, 685 (9th Cir. 1966).

GeoDigital concedes that the Agreement allows for direct damages as a remedy for breach of contract. (ECF No. 15, 7:15–16.) And, as California courts have found, "[a]lthough breach of the implied covenant often is pleaded as a separate count, a breach of the implied covenant is necessarily a breach of contract." *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 885 (2011); *Careau & Co.*, 222 Cal. App. 3d at 1393. Thus, a plausible set of facts exists where GRMC

6

could be awarded direct damages for breach of the implied covenant of good faith and fair dealing.

### 2. *Duplicative Claims*

GRMC also takes issue with GeoDigital's second contention. GeoDigital argues that the allegations supporting GRMC's breach of the implied covenant claim must sound in tort; if the allegations sound in contract, GeoDigital believes that GRMC's claim is essentially duplicative of those alleging breach of contract and should be dismissed. (ECF No. 11, 7:5–10.) In its Opposition, GRMC insists that, "[a] breach of contract and a claim for breach of the implied covenant can exist side by side," and that the conduct supporting its breach of the implied covenant claim is distinct from that which supports its breach of contract claims. (ECF No. 14, pp. 8–9.)

"If the allegations [of a complaint for breach of the implied covenant of good faith and fair dealing] do not go beyond the statement of a mere contract breach and, relying on the same alleged facts, simply seek the same damages or other relief claimed in a companion cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co.*, 222 Cal. App. 3d at 1395; *see also Digerati Holdings, LLC*, 194 Cal. App. 4th at 855.

The instant case bears some resemblance to *Digerati Holdings, LLC*. There, the allegations supporting the plaintiff's breach of the implied covenant claim mirrored some of the allegations supporting its breach of contract claim. *Id.* Although the allegations in both counts centered around a written agreement to produce a documentary, the court concluded that the gravamen of the two claims differed: "The gravamen of the breach of contract count is [defendants'] alleged failure to comply with their express contractual obligations specified in paragraph 37 . . . while the gravamen of the count for breach of the implied covenant . . . is their alleged efforts to undermine or prevent the potential sale or distribution of the film." *Id.*

Here, GRMC argues that GeoDigital's failure to pay all of the commissions owed under the terms of the Agreement, as well as GeoDigital's failure to complete all of its contractual obligations in a timely fashion, sufficiently support the breach of contract claims. (ECF No. 14, 9:6–9.) GRMC alleges, on the other hand, that GeoDigital breached the implied covenant of good faith and fair dealing by failing to pursue other bids for aerial patrolling work and by divesting from all operations in India—thereby depriving GRMC of the benefits of the Agreement. (Am. Compl. ¶¶ 45–47.) Because the gravamen of the two counts appear to differ here, the Court finds GeoDigital's argument to be unpersuasive.

Nevertheless, as GeoDigital notes, it is plausible that there are no damages available under the Agreement that are not already alleged as remedies for the breach of contract claims. (ECF No. 15, 6:25–27.) As the record develops, GRMC must demonstrate that the damages it seeks for breach of the implied covenant are not duplicative or otherwise precluded as a matter of law. *See Careau & Co.*, 222 Cal App. 3d at 1395. However, after viewing the allegations in a light most favorable to GRMC as is required at this stage of the proceeding, the Court finds that GRMC states a claim upon which relief could be granted. Therefore, the Court **DENIES** GeoDigital's Motion to Dismiss for breach of the implied covenant of good faith and fair dealing.

**B. Trade Libel**

An action for trade libel under California law requires: (1) a publication, (2) which induces others not to deal with the plaintiff, and (3) special damages in the form of pecuniary loss. *Aetna Cas. and Sur. Co. v. Centennial Ins. Co.*, 838 F.2d 346, 351 (9th Cir. 1988) (applying California law). Under FRCP Rule 9(g), items of special damages must be specifically stated. Fed. R. Civ. P. 9(g). Although GRMC does not need to plead a specific dollar amount in support of its claim, it should allege the existence of "an established business," as well as, "the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the

publication, [and] facts showing that such losses were the natural and probable result of such publication." *Isuzu Motors Ltd.*, 12 F. Supp. 2d at 1047.

GRMC concedes that it fails to meet Rule 9(g)'s pleading standard for special damages. Indeed, GRMC only states that, "as a direct result of [GeoDigital]'s false statements . . . GRMC has suffered monetary damages." (Am. Compl. ¶ 56.) This lone allegation falls well short of the specificity needed to satisfy Rule 9(g). However, GRMC has sought leave to amend its special damages allegations. (ECF No. 14, 12:24–25.) The Court recognizes the strong federal policy in favor of adjudicating cases on their merits and for granting leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Accordingly, the Court **GRANTS** GeoDigital's Motion **With Leave to Amend**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** GeoDigital's Motion to Dismiss **With Leave to Amend** the special damages allegations for the trade libel claim. The Court **DENIES** GeoDigital's Motion to Dismiss with respect to the breach of the implied covenant claim.

**IT IS SO ORDERED.**

March 17, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**